UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No:

PRISCILLA DOMINGUEZ,

Plaintiff,

v.

STATE OF FLORIDA, DEPARTMENT OF
BUSINESS AND PROFESSIONAL REGULATION,

Defendant.

_____/

## COMPLAINT

Plaintiff, PRISCILLA DOMINGUEZ (hereinafter, "DOMINGUEZ" or "Plaintiff"), by and through her undersigned attorney hereby files her Complaint and sues Defendant, STATE OF FLORIDA, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, (hereinafter "DBPR" or "Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violation(s) the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. §12101 *et seq*. and Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA") for employment discrimination on the basis of disability or handicap, in violation of Florida and federal law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction for claims under the FCRA pursuant to 28 U.S.C. § 1367 and because the claims brought under the FCRA are substantially similar to the federal claims.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a member of a class protected under the ADAAA and the FCRA in that she is a person with a disability as defined by the ADAAA and in that the terms and conditions of her employment were altered because of her disability. Further, Plaintiff was denied a reasonable accommodation.

6. Plaintiff is citizen and resident of the Southern District of Florida, over the age of eighteen years and overwise *sui juris*. During all times relevant to this Complaint, Plaintiff worked for Defendant as an Investigative Specialist II in Broward County, Florida.

7. Defendant is an agency of the State of Florida, organized and existing by virtue of the laws of Florida, which operates at 1400 W. Commercial Blvd., Ste. 185, Fort Lauderdale, Broward County Florida 33309.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7)) and the ADAAA.

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about March 3, 2020, which was no more than 300 days after the last discriminatory event occurred, to wit: November 29, 2020.

11. EEOC terminated its processing of the charge within 180 days of the filing of the charge.

12. Plaintiff was issued a Dismissal and Notice of Rights including a Notice of Suit Rights on August 20, 2020.  This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit A).

## GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendant from May 24, 2019 until her termination February 3, 2020 as an Investigative Specialist II.

14. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendants for each year for which she was employed.

15. Prior to her employment, Plaintiff advised Defendant that she had been diagnosed with Mast Cell Activation Syndrome in May 2018 and exposure allergens such as nuts, seeds and peanuts would cause her to have intensive allergic reactions.

16. During the relevant time period, Plaintiff was disabled in that she had a diagnosis of mast cell activation syndrome, which substantially limited her ability to breathe when exposed to allergens and to work in an environment where she could be exposed to allergens.

17. Beginning in November 2019, Plaintiff started experiences flare ups of her condition.

18. The flare ups caused Plaintiff to seek medical treatment including taking more medications and attending doctor's appointments.

19. By having to attend so many doctor's appointments, Plaintiff had to use all of her allotted sick time but her condition did not improve.

20. Since her condition was not improving, on January 13, 2020, Plaintiff's doctor recommended that she request an accommodation to deal with her allergy flare ups and stabilize her immune system.

21. On January 22, 2020, Plaintiff went back to the doctor who advised her again that the accommodation was necessary.

22. Based on the doctor's recommendations, Plaintiff then submitted an Accommodation Request form to Defendant on January 22, 2020 requesting a flexible work schedule and/or the ability to work a forty (40) hour workweek in four (4) days instead of five (5) days.

23. After she submitted her accommodation request, Plaintiff had a severe flare up of her condition at work which required emergency medical care on January 24, 2020.

24. Following the severe flare up, Plaintiff was hospitalized for approximately one week.

25. Upon her return to work after the hospitalization, Plaintiff was led to believe that she would receive the requested accommodation.

26. With the accommodation, Plaintiff would have been able to perform the essential functions of her job, which included case investigation, analysis and customer service duties.

27. Instead of accommodating Plaintiff, Defendant terminated her on or about February 3, 2020, citing performance issues as the reason for her termination.

28. Defendant's actions of failing to accommodate Plaintiff and termination were due to her disability.

29. The reasons Defendant provided for Plaintiff's termination are pretextual.

30. Even if Defendant had a legitimate, non-discriminatory reason, Plaintiff's disability was, at minimum, a motivating factor in Defendant's decision for her termination[1].

31. Prior to her termination, Plaintiff was unaware of any performance deficiencies and she had not been previously disciplined.

32. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT ONE:
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

34. Plaintiff re-alleges and re-avers paragraphs 1–33 as fully set forth herein.

35. Plaintiff is a person with a disability as that term is defined under the ADAAA in that she suffers from mast cell activation syndrome, which substantially limits her ability to perform at least one major life function, to wit: breathe and be in an environment where she can be exposed to allergens.

36. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as an Investigative Specialist II, with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

37. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

38. Plaintiff would be able to perform the essential functions with the accommodation of working a flexible work schedule and/or the ability to work a forty (40) hour workweek in four (4) days instead of five (5) days, which would not have caused an undue burden to DBPR.

39. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability and further requires employers to reasonably accommodate the actual disabilities.

40. Defendant discriminated against Plaintiff for her disability by terminating Plaintiff instead of granting her request for an accommodation.

41. Had Plaintiff not been disabled, she would not have suffered this adverse employment action.

42. Defendant's alleged basis for terminating Plaintiff—that her work performance was not satisfactory—is pretextual. Defendant never raised any performance issues with Plaintiff prior to her termination.

43. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, Plaintiff's disability was, at minimum, a motivating factor[2] in Defendant's decision to terminate her employment.

44. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for her back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

45. Plaintiff further seeks her attorney's fees and costs as permitted by law.

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

WHEREFORE, Plaintiff PRISCILLA DOMINGUEZ requests judgment against Defendant as follows:

    a)    an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b)    compensatory damages;

    c)    punitive damages;

    d)    attorney's fees and costs; and

    e)    any other award this Court deems necessary.

### COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

46. Plaintiff re-alleges and re-avers paragraphs 1–33 as fully set forth herein.

47. Plaintiff is a person with a disability as that term is defined under the ADAAA in that she suffered from mast cell activation syndrome, which substantially limits her ability to perform at least one major life function, to wit: breathe and be in an environment where she can be exposed to allergens.

48. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as an Investigative Specialist II with the proposed reasonable accommodation in that she was hired for the position and performed this position satisfactorily.

49. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

50. Plaintiff would be able to perform the essential functions with the accommodation of working a flexible work schedule and/or the ability to work a forty (40) hour workweek in four (4) days instead of five (5) days, which would not have caused an undue burden to DBPR.

51. Plaintiff requested a reasonable accommodation on or about January 22, 2020. The accommodation requested was to allow Plaintiff to work a flexible work schedule and/or the ability to work a forty (40) hour workweek in four (4) days instead of five (5) days.

52. Plaintiff's request for an accommodation was reasonable and would not have caused Defendant undue hardship.

53. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

54. Defendant refused to participate in the interactive process and terminated Plaintiff soon after she requested said accommodations.

55. As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff PRISCILLA DOMINGUEZ requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d) attorney's fees and costs; and

    e) any other award this Court deems necessary.

## COUNT THREE:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA

56. Plaintiff re-alleges and re-avers paragraphs 1–33 as fully set forth herein.

57. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer:

> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

58. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability.

59. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, her termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

60. There was no valid, legal reason for Plaintiff's termination.

61. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which it could not, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors[3] for Defendant's termination of Plaintiff's employment.

62. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

63. Plaintiff further seeks her attorney's fees and costs as permitted by law.

---

[3] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

WHEREFORE, Plaintiff PRISCILLA DOMINGUEZ requests judgment against Defendant as follows:

    a)    an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b)    compensatory damages;

    c)    punitive damages;

    d)    attorney's fees and costs; and

    e)    any other award this Court deems necessary.

## COUNT FOUR:
## HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA
## (FAILURE TO ACCOMMODATE)

64. Plaintiff re-alleges and re-avers paragraphs 1–33 as fully set forth herein.

65. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

66. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

67. Plaintiff requested a reasonable accommodation on or about January 22, 2020. The accommodation requested was to be permitted to work a flexible work schedule and/or the ability to work a forty (40) hour workweek in four (4) days instead of five (5) days.

68. Defendant never made a decision on Plaintiff's request for an accommodation Instead Defendant terminated Plaintiff on or about February 3, 2020.

69. Plaintiff's termination, as set forth above, was a denial of Plaintiff's reasonable accommodation request, which was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities.

70. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a request for reasonable accommodations by Plaintiff.

71. Plaintiff's request would not have imposed an undue burden on Defendant.

72. The requested accommodations would have enabled Plaintiff to perform the essential functions of her position.

73. Defendant's reason(s) for failing to address Plaintiff's request for accommodations, if any, are pretextual.

74. Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such a handicap/disability/disabilities were, at minimum, motivating factors[4] for Defendant's failure to accommodate.

75. As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

76. Plaintiff further seeks her attorney's fees and costs as permitted by law.

---

[4] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to her claims.

WHEREFORE, Plaintiff PRISCILLA DOMINGUEZ requests judgment against Defendant as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff, PRISCILLA DOMINGUEZ, hereby demands trial by jury on all counts so triable contained herein.

Dated: October 28, 2020.

>LAW OFFICES OF CHARLES EISS, P.L.
>Attorneys for Plaintiff
>7951 SW 6th Street, Suite 112
>Plantation, Florida 33324
>(954) 914-7890 (Telephone)
>(855) 423-5298 (Facsimile)
>
>By:  /s/ Charles Eiss
>CHARLES M. EISS, Esq.
>Fla. Bar #612073
>chuck@icelawfirm.com
>Shanna Wall, Esq.
>Fla. Bar #0051672
>shanna@icelawfirm.com